Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUTIQUIO VASQUEZ ORTEGA, on behalf of himself, and other employees similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> PARADIS TO GO LLC, and KIMBERLY PARADIS and MICKAEL PARADIS, individually, <br><br> Defendants. | Case No.:  19 CV 8593 <br><br> COMPLAINT in an FLSA COLLECTIVE ACTION <br><br> Jury Trial Demand <br><br> ECF Case |

Plaintiff Eutiquio Vasquez Ortega (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Paradis to Go LLC, and Kimberly Paradis and Mickael Paradis, individually (collectively referred to as "Defendants"), and states as follows:

**INTRODUCTION**

1.      This is an action brought by Plaintiff Eutiquio Vasquez Ortega, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and the New York Labor Law, arising from Defendants' (i) failure to pay non-

exempt employees proper overtime compensation; (ii) misappropriating and unlawfully retaining tips; (iii) illegally retaining service charges purported to be gratuities from tipped employees; and (iv) illegally withholding and/or failing to pay wages and tips.

2.      Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) tips improperly misappropriated by Defendants; (3) tips improperly withheld by Defendants; (4) reimbursement of expenses improperly withheld from Plaintiff; (5) liquidated damages; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

3.      Plaintiff further allege that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) tips improperly misappropriated by Defendants; (3) service charges reported to be gratuities that were improperly withheld from him and/or misappropriated by Defendants; (4) wages and tips withheld by Defendants; (5) reimbursement of expenses improperly withheld from Plaintiff; (6) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (7) prejudgment and post-judgment interest; and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

6.      Plaintiff Eutiquio Vasquez Ortega is an adult resident of Kings County, New York.

7.      At all relevant times to this action, the primary business of Paradis to Go LLC was the sale of food and drinks for consumption.

8.      Paradis to Go, LLC, is a "restaurant" within the meaning of the New York Labor Law.

9.      Defendant, Paradis to Go, LLC, is a domestic limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at 114 4th Avenue, New York, New York 10003.

10.      Upon information and belief, Defendant, Kimberly Paradis, is an owner, general manager, officer, director and/or managing agent of Paradis to Go, LLC, whose address is unknown at this time and who participated in the day-to-day operations of Paradis to Go, LLC, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Paradis to Go, LLC.

11.      Upon information and belief, Defendant, Mickael Paradis, is an owner, general manager, officer, director and/or managing agent of Paradis to Go, LLC, whose address is unknown at this time and who participated in the day-to-day operations of Paradis to Go, LLC, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29

C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Paradis to Go, LLC.

12.     The individual defendants, Kimberly Paradis and Michael Paradis, both exercised control over the terms and conditions of their employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

13.     Plaintiff, Eutiquio Vasquez Ortega, was employed by Defendants in New York County, New York, as a food preparer, dishwasher, cleaner, and delivery person at Defendants' restaurant known as "Paradis to Go", located at 114 4th Avenue, New York, New York, beginning in or around 2011, through March 15, 2019, without interruption.

14.     During the period of time relevant to the allegations herein, *to wit*, the six (6) years prior to commencement of litigation, Paradis to Go, LLC, located at 114 Fourth Avenue, New York, New York, through corporate entities, operated a restaurant and catering business.

15.     Defendant, Paradis to Go, LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

16.    At all relevant times, Paradis to Go, LLC was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17.    At all relevant times, the work performed by Plaintiff, Eutiquio Vasquez Ortega, and other similarly situated employees, was directly essential to the restaurant and catering business operated by defendants.

18.    Plaintiff was often paid by check; occasionally he was also paid partly by cash.

19.    Plaintiff worked for the restaurant and directly for Kimberly Paradis and Mickael Paradis, for approximately eight (8) years.

20.    Defendant, Kimberly Paradis, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

21.    Defendant, Mickael Paradis, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

22.    The defendant business Paradis to Go, LLC, is owned, operated, and controlled by the individual defendants Kimberly Paradis and Mickael Paradis.

23.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned tips, in contravention of the FLSA and New York Labor Law.

24.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff overtime compensation in contravention of the FLSA and New York Labor Law.

25.     Plaintiff, Eutiquio Vasquez Ortega, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

26.     Defendants own and operate a full restaurant and catering business under the "Paradis to Go" brand, which includes providing corporate and private customers with a full array of food and catering options.

27.     At all relevant times, Defendants knowingly and willfully misappropriated and/or withheld Plaintiff, tips in contravention of the FLSA and New York Labor Law.

28.     At all relevant times, Defendants knowingly and willfully misappropriated and/or withheld from Plaintiff service charges reported to be gratuities in contravention of the New York Labor Law.

29.     At all relevant times, Defendants knowingly and willfully failed to reimburse Plaintiffs for money expended for transportation in contravention of the New York Labor Law.

30.     At all relevant times, Defendants knowingly and willfully failed to pay lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

31.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

32.     Plaintiff typically worked between forty-five (45) and fifty (50) hours per week, and occasionally in excess of fifty (50) hours per week.

33.     Plaintiff typically worked six (6) days a week and, although his work shift fluctuated, he typically worked between eight (8) and ten (10) hours per day.

6

34. Throughout the entirety of Plaintiff's employment, he was not paid proper overtime compensation.

35. Thus, during the relevant six (6) year limitations period starting in September 2013, Plaintiff was paid $15.00 per hour.

36. Defendants failed to pay tips (including any service and delivery charges) to Plaintiff not later than seven (7) calendar days after the end of the week in which such compensation is earned, in direct contravention of the New York Labor Law.

37. Upon information and belief, Defendants regularly charged customers a service charge in connection with the delivery of orders of approximately fifteen percent (15%) of the customer's bill.

38. Upon information and belief, Defendants' customers often do not provide a tip or gratuity for the delivery persons other than what they pay Defendants pursuant to the "delivery charge".

39. Defendants' customers reasonably understand the delivery charge to be a gratuity, or a charge in lieu of a gratuity.

40. The service charge was a gratuity or a "charge purported to be a gratuity" within the meaning of the New York Labor Law.

41. Defendants unlawfully the entire service charge it collected, and failed to distribute he service charge to its delivery personnel, including Plaintiff.

42. During those weeks in which Plaintiffs work in excess of forty (40) hours, Defendants fail and refuse to provide Plaintiff and other similarly situated employees with overtime compensation in contravention of federal and state law.

## COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiff brings this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since September 2016 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than statutory required wage (of time and half) for all hours worked in excess of forty (40) hours per workweek, and/or who had their tips misappropriated (the "Collective Action Members").

44.    Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) employees who worked for the Defendants at any given time, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

45.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of

either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

48.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

     a.     Whether the Defendants employed Plaintiff and Collective Action Members within the meaning of the FLSA;

     b.     Whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

     c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.    Whether the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA in an area where Plaintiffs were employed, in violation of C.F.R. § 516.4;

e.    Whether the Defendants failed to pay the Plaintiff and the Collective Action Members statutory minimum wages for all hours worked;

f.    Whether Defendants improperly and unlawfully withheld tips (including any service or delivery charges) from Plaintiff and the Collective Action Members;

g.    Whether the Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

h.    Whether the Defendants failed to create and maintain adequate records of the pay received by Plaintiffs and the Collective Action Members in violation of federal and state law;

i.    Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

j.    Whether the Defendants are liable for damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

49.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

51.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

54.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

55.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half their regular rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

56.     Defendants have failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

57.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58.     Defendants unlawfully misappropriated tips (including any service and delivery charges) that Plaintiff was rightfully entitled to receive.

59.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by: (i) their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week; (ii) misappropriated tips (including service and delivery charges); and (iii) failing to pay wages and tips for some hours worked, when they knew or should have known such was due and that non-payment of wages, overtime compensation, and tips (including service and delivery charges) would financially injure Plaintiff and the Collective Action Members.

60.     The FLSA requires employers to post and maintain a display containing notices of employee rights to receive the statutory minimum wage and overtime compensation. Defendants failed to display the notices of employee rights to receive minimum wages and overtime pay as required under the FLSA.

61.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

62.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

63.     Due to the unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid wages, unpaid overtime compensation, unpaid tips (including service and delivery charges), an equal amount as liquidated damages, and prejudgment interest thereon.

64.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

65.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

67.     Defendants knowingly and willfully violated the rights of Plaintiff and members of the collective action by failing to pay them wages in the lawful amount for hours worked.

68.     Plaintiff and collective action members were entitled to be paid at the rate of time and one-half their regular rate of pay for all hours worked in excess of forty (40) per workweek.

69.     Defendants failed to pay Plaintiff and collective action members overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week in violation of the New York Labor Law.

70.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and collective action members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the New York Labor Law.

71.    Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiff and collective action members, in violation of the New York Labor Law.  N.Y. Lab. Law § 196-d.

72.    Defendants failed to furnish Plaintiff and members of the collective action with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 137-2.2; 146-2.3.

73.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

74.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations §§ 137-2.1; 146-2.1.

75.    The New York Labor Law requires employers to post and maintain a display containing notices of employee rights to receive the statutory minimum wage, and overtime compensation.  Defendants failed to display the notices of employee rights

to receive minimum wages and overtime pay as required under the New York Labor Law.

76.     Defendants failed to properly disclose or apprise Plaintiff and members of the collective action of their rights under the New York Labor Law.

77.     Due to the Defendants' New York Labor Law violations, Plaintiff and collective action members are entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, unpaid tips (including service and delivery charges), reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

78.     Plaintiff and collective action members seek liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

79.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "78" of this Complaint as if fully set forth herein.

80.     Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for him full hours worked; and, any overtime due.

81.     Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

82.     Plaintiff was not provided with a proper, written wage notice, as required by law.

83.    Plaintiff was not provided with true and accurate weekly wage statements as required by law.

84.    Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

85.    Defendants' failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

86.    Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff Eutiquio Vasquez Ortega on behalf of himself and similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages and/or civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e)     An award equal to the amount of the improperly retained tips (including any service and delivery charges) withheld by Defendants during the employment period of each tipped employee;

(f)     An award equal to the cost of transportation which Defendants failed to reimburse Plaintiff and collective action members;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       September 16, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
Telephone (212) 209-3933
Facsimile (212) 209-7102

By:    _____
       Peter H. Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     Kimberly Paradis and Mickael Paradis

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Florinda Maria Rojas intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Paradis to Go LLC, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       September 16, 2019

Respectfully submitted,

By:     _____
              Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Eutiquio Vasquez Ortega_, am an employee currently or

formerly employed by _Paradis to Go, LLC_, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_September 13_ , 2019