UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUTIQUIO VASQUEZ ORTEGA, on behalf of himself and all others similarly situated,

                Plaintiff,

-against-

PARADIS TO GO LLC, KIMBERLY PARADIS, and MICKAEL PARADIS,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/2020

1:19-cv-08593 (MKV) (RWL)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      On October 7, 2020, Plaintiff informed the Court that this case had been settled and submitted a letter and documentation supporting the fairness of the settlement (the "Settlement Letter") [ECF No. 31]. While this action was "framed as a collective action" on behalf of Defendants' non-exempt employees since September 2016, *see* Settlement Letter at 1; Complaint, ECF #1, ¶ 43, Plaintiff represents in the Settlement Letter that "counsel investigated the claim and determined no other individuals were known to be similarly situated . . . ." *See* Settlement Letter at 1. Plaintiff made no efforts to certify a class or collective either preliminarily for the purposes of discovery or in connection with the settlement. The Settlement Letter makes clear that the Parties' settlement resolves only the claims of the named Plaintiff and does not purport to impact claims that may be held by any other of Defendants' employees. *See id.*

      The Court has reviewed the Plaintiff's submission for fairness in accordance with the FLSA and Second Circuit law, *see, e.g.*, *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and has concluded that the terms of the settlement are fair and reasonable. The Parties engaged in mediation with Magistrate Judge Robert Lehrburger. *See* Settlement Letter at

2.  While the mediation initially was not successful, the settlement was the product of the continued exchange of information and arms-length negotiations.  *See id*.  The settlement amount is reasonable, in part, because, before attorney's fees, the settlement compensates Plaintiff for more than the amount of his unpaid overtime compensation, based on the allegations in the complaint.  It should be noted, however, that, in approving the settlement, the Court is not opining specifically on the reasonableness of the rates charged by the attorney representing Plaintiff.

Accordingly, the settlement is approved, and the Court ORDERS that the case be dismissed with prejudice.  The Clerk of Court is respectfully requested to terminate all pending motions, adjourn any remaining dates, and close this case.

**SO ORDERED.**

**Date:  October 22, 2020**  
**New York, NY**

**MARY KAY VYSKOCIL**  
**United States District Judge**